FILED

2010 Jul-13  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

WILLIAM H. KIERAN,

     PLAINTIFF,

vs.                                                           CASE NO. CV 10-J-1816-S

CNA, CNA-LTC, CONTINENTAL
CASUALTY COMPANY, LONG TERM
PREFERRED CARE, INC., and DOUGLAS
OWEN BRADLE,

       DEFENDANTS.

### **MEMORANDUM OPINION**

This matter is before the court on defendants CNA, CNAL-LTC, and

Continental Casualty Company's notice of removal (doc. 1), defendant Long Term

Preferred Care, Inc.'s joinder in that removal (doc. 2), defendant Douglas Own

Bradle's motion to dismiss (doc. 3), defendant Long Term Preferred Care, Inc.'s

motion to quash service and motion to dismiss (doc. 4), defendant CNA and CNA-

LTC's motion to dismiss and memorandum in support of said motion (docs. 5 and 6),

and defendant Continental Casualty Company's partial motion to dismiss (doc. 7).

Because this case comes before the court on a notice of removal which includes

an allegation of fraudulent joinder, the court first considers whether it has diversity

jurisdiction before addressing the individual pending motions.  Should the court find

it lacks jurisdiction because the parties are not diverse, the court must remand this action.

Having considered the complaint, the notice of removal, and defendant Douglas Owen Bradle's motion to dismiss alleging no viable claim is brought against him, the court finds as follows:

According to the facts alleged in the complaint, the plaintiff contacted defendant Douglas Owen Bradle ("Bradle") for a long term care insurance policy and purchased a policy for the same. Complaint, ¶¶ 11-13. The plaintiff believed that the policy would pay benefits if he received Home Health Care services.[1] Complaint, 24-25. In December 2008 the plaintiff fell and broke his ankle. Complaint, ¶ 14. He developed further health problems and in August 2009 was diagnosed with cancer which had metastasized to his spine and other areas of his body. Complaint, ¶ 15. Although the plaintiff needs constant care and treatment as provided under the insurance policy he purchased, the defendant has denied the plaintiff's claims for such benefits. Complaint, ¶¶ 16-18. Based on these facts, the plaintiff brings claims

---

[1]The plaintiff asserts that he is receiving Home Health Care services and hence should be eligible for benefits under the policy, but his claim has been denied. The defendants agree that the policy provides the very benefits the plaintiff claims (Notice of Removal, ¶¶ 17, 32), even though they are being sued by the plaintiff for not paying these benefits. In fact, the defendants all assert that the plaintiff is, in fact, eligible for these very benefits. Notice of Removal, ¶ 32; Bradle's motion to dismiss, ¶ 24. In other words, all parties seemingly agree that the plaintiff is entitled to the very benefits he is not receiving.

for fraud and suppression[2] (Counts I and II); breach of contract (Count III); bad faith (Count IV); negligent hiring and/or training or supervision (Count V); and negligent procurement of insurance (Count VI).

Defendants CNA, CNA-LTC and Continental Casualty Company ("the insurance defendants") removed this action from the Circuit Court of Jefferson County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332. These defendants allege that the matter in controversy exceeds $75,000.00 and it is between citizens of different states.  Notice of Removal, ¶¶ 3, 9, 53.  Although defendant Bradle is not diverse from the plaintiff, the insurance defendants alleges that Bradle is fraudulently joined.  Notice of Removal, ¶¶ 9-52.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds*, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

---

[2]Plaintiff's claims for fraud and suppression do not appear to be based on the policy not containing benefits as verbally represented, but rather that the policy does not pay the very benefits the policy itself claims to pay.

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440.... Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir.1998).   The allegations of fraudulent joinder in this action address the first type described above, that being there is no possibility that the plaintiff can prove a cause of action against the resident defendant.

The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth,* 428 F.3d 1317, 1325 n. 5 (11th Cir.2005); citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). "In considering possible state law claims, possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible.

Surely, as in other instances, reason and common sense have some role.'" *Legg v. Wyeth,* 428 F.3d at 1325 n. 5 (citation omitted).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "If there is even a possibility that a state court would find that the complaint states a cause of action against any [] resident defendant[], the federal court must find that the joinder was proper and remand the case to the state court. *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir.2001), citing *Coker v. Amoco Oil*, 709 F.2d 1433, 1440-41 (11th Cir.1983), superceded by statute on other grounds as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989).

Because this case is before the court, *inter alia*, on defendant Bradle's motion to dismiss, the court further "accept[s] the allegations of the complaint as true and construe[s] them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). See also *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200

(2007).  A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.,* 144 F.3d 732, 735 (11th Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  Of course, should it so appear, then the non-diverse defendant must have been fraudulently joined.

The court finds that the issues of fraudulent joinder and Bradle's motion to dismiss are wholly resolved by consideration of Count VI of the plaintiff's complaint, for negligent procurement of insurance.  Complaint, ¶¶ 38-39.  This count alleges that defendants negligently and/or willfully and wantonly failed to procure the insurance as represented or desired by the plaintiff.  Complaint, ¶ 38.  The plaintiff alleges that as a result of that failure, he has been injured.  Complaint, ¶ 39.  Applying the facts as set out in the complaint, the court construes this as a claim that the plaintiff sought and believed he was purchasing a policy which paid benefits to a policy holder undergoing treatment such as his, and that had he been sold such a policy, the same would actually pay him benefits, given his current condition.

Defendant Bradle asserts that this is not a viable cause of action, citing *Kanellis v. Pacific Indem. Co.*, 917 So.2d 149 (Ala.Civ.App.2005).  However, *Kanellis* concerned a ruling upon motion for summary judgment, where the court had before

it a factual record from which it could determine whether the plaintiff was on notice

that the insurance policy did not provide the type of coverage the plaintiffs alleged

they had sought.  *Id.*, at 149-151.  In contrast, this court may examine only whether

the complaint, taken as true, states a cause of action against defendant Bradle upon

which relief may be granted.  The court finds this question must be answered in the

affirmative. In *Parrett v. Allstate Ins. Co.*, the Middle District of Alabama relied on

*Kanellis, supra,* as authority for the conclusion that:

> The court's only duty at this stage is to determine whether there is a
> possibility that an Alabama court could find that Mr. Parrett's complaint
> states a claim for negligent procurement against Mr. Smith. The
> foregoing authority negates Defendants' argument that the requisite
> legal possibility does not exist.

*Parrett v. Allstate Ins. Co.,*  2009 WL 1505510, 2 (M.D.Ala.2009), citing *Kanellis*,

917 So.2d at 153.[3]  *See also Hickox v. Stover*, 551 So.2d 259, 260-61 (Ala.1989)

---

[3]The court further finds that *Kanellis* supports a finding that the plaintiff's claim against
Bradle for negligent procurement of insurance is not time barred.  There, the Alabama Court of
Civil Appeals held:

> drawing an analogy to its holding in *Weninegar v. S.S. Steele & Co.*, 477 So.2d
> 949 (Ala.1985), concerning the accrual of a claim involving negligent lapse of a
> policy, the Supreme Court concluded in *Hickox* that "an action [alleging negligent
> procurement of insurance] accrues when the loss occurs." *Id*. (emphasis added).
> The Supreme Court adhered to that holding in *Bush v. Ford Life Insurance Co.*,
> 682 So.2d 46, in concluding that a negligent-procurement cause of action asserted
> by a beneficiary under a policy of credit-life insurance did not accrue, for purposes
> of the statute of limitations, until the insurer's refusal to honor the beneficiary's
> claim.

*Kanellis*, 917 So.2d at 153.

(discussing a claim for negligent failure to procure "full, complete, and adequate insurance for the plaintiffs"), overruled on other grounds *by Foremost Ins. Co. v. Parham*, 693 So.2d 409 (Ala.1997).

Having reviewed the allegations set forth in Count VI of the plaintiff's complaint, the court finds that it states a claim upon which relief may be granted against defendant Bradle.  What a court or jury may ultimately find on the merits of that claim is not a proper consideration by this court at this time.  Because the plaintiff has stated a viable claim against defendant Bradle under Alabama law, complete diversity between the parties is lacking, leaving this court without jurisdiction over this action.

Having considered the foregoing and finding that this case has been improvidently removed,  the court shall remand this case to the Circuit Court of Jefferson County, Alabama, by separate Order.  The court leaves pending all motions for consideration by the state court after remand.

**DONE** and **ORDERED** this the 13ᵗʰ day of July, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE